THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAYMOND J. CRISPELL, alias RAYMOND GREGORY, alias JAMES CRISPELL, alias JESSE T. CRISPELL, Appellant.— Appeal from a judgment of the County Court of Albany County convicting defendant of the crime of assault in the first degree, as a fourth offender. After a jury trial the defendant has been convicted of the crime of assault in the first degree in that he attacked a Miss Hoffer, while armed with a dangerous weapon, a fishing knife, with intent to kill or intent to commit a felony upon her person or property. On November 8, 1954, the evidence shows, Miss Hoffer, a resident of New York City, drove to Albany to visit a friend, a Mrs. Johnson, who resided on Woodlawn Avenue in Albany. She arrived in front of the Johnson residence about noon, and had just parked her car on the street in front of the Johnson home and alighted therefrom when she was confronted by defendant, a total stranger, who was holding a knife in his hand with the blade pointed toward her. Defendant pressed the knife against Miss Hoffer's side and ordered her " to get back in the car," and when Miss Hoffer told the defendant to take the car, he replied, " I need you and the car." Miss Hoffer then grabbed the knife and defendant's hand, holding it with both her hands, and shouted for help. Defendant told her not to yell, and said: " I have got a gun ", and, " I am going to kill you." Defendant then forced her to the ground and was beating her head against the curbing while she clung to the knife. Mrs. Johnson heard Miss Hoffer shouting and came out of her house to the scene, whereupon defendant fled. Miss Hoffer sustained cuts on her hands and contusions on her head. There is also evidence that defendant had been drinking that morning, and a bottle of whiskey was found in a canvas bag he was carrying at the time of the alleged assault. Defendant was apprehended by the police about 6:00 P.M., the next day at a rest home where he was employed as a nurse, and was identified there by Miss Hoffer. He was taken to police headquarters, and after being questioned signed a confession admitting the attack on Miss Hoffer, the possession and use of the knife, and recounted in detail his movements and activities for the entire day. It is claimed this confession was obtained by threats and being beaten by the police. Defendant testified in his own behalf in which he admitted all his activities up to approximately 11 or 11:30 o'clock of that morning, when he said that he underwent a " dizzy " spell and wandered about in a " daze "; that he remembers nothing from that time until nearly 1 o'clock that afternoon when he entered the lobby of St. Peter's Hospital to call a taxicab. He attended a movie that afternoon in company with a woman. Evi-

dence of hospital treatment received by defendant in September, 1954, for a "nervous" condition was received. Also evidence by a doctor that he had an office call by defendant that same month for what he termed a "nervous condition". In rebuttal the People introduced evidence by a psychiatrist who interviewed defendant for an hour at the Albany County jail on November 22, 1954, and he gave his opinion that defendant was not suffering from any mental illness; that he found no evidence of memory impairment or confusion. The evidence overwhelmingly establishes the commission of this unprovoked assault. All essential questions of fact were left to the jury with a charge by the court that was fair, complete, and correctly outlined the law. The defendant was ably defended by counsel at the trial. We find no substantial error in the record. Judgment of conviction unanimously affirmed. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.